FRANK E. OWEN *vs.* FREDERICK G. BUTTON & trustee.

Hampden.    September 26, 1911. — October 25, 1911.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Contract*, Performance and breach, Rescission, Implied: common counts.   *Sale*, Rescission.  *Barter*.

In an action of contract the declaration contained a count upon a contract in writing by which the plaintiff agreed to build a house for the defendant and the defendant agreed to provide all material and pay the plaintiff a sum of money named, which the plaintiff sought to recover.   It appeared that after the house was partly built the plaintiff was obliged to suspend work on account of illness, and that the plaintiff and the defendant agreed orally upon a modification of the contract as to the remainder of the work, by which the defendant was to hire and pay men to complete the house and was to account to the plaintiff for the amounts so paid in settlement of the contract price.   The presiding judge ruled that the plaintiff could not recover upon the count which alleged a breach of the contract in writing.   *Held*, that the ruling was correct, as the plaintiff could not recover the contract price by suing upon the contract in writing, which he had not performed, but could recover only upon the contract as modified by the subsequent oral agreement, under which there was to be deducted from the contract price the amounts paid out by the defendant for the completion of the contract work.

In an action of contract the plaintiff cannot recover as an item of an account annexed the value of property delivered by him to the defendant under a contract of barter or exchange which the defendant abandoned after part performance, if the plaintiff has received and retained a part of the property which was to be delivered to him by the defendant under the contract.   He can sue for a breach of the contract, but in order to rescind the contract and sue on a *quantum valebat* he must put the defendant in the condition in which he was before the bargain

by returning the property received from the defendant, and he must do this before beginning his action. An offer of the plaintiff made during the trial to return the part of the consideration received by him comes too late.

CONTRACT, with four counts, of which the first count was for $29.50 lent by the plaintiff to the defendant, and the other counts are described in the opinion. Writ dated December 1, 1908.

In the Superior Court the case was tried before *Crosby*, J. The material facts shown by the evidence are stated in the opinion. At the close of the evidence the plaintiff waived the fourth count. The judge ruled that the plaintiff could not recover on the second count, and also ruled that on the third count, which was upon an account annexed, the plaintiff could not recover for certain items relating to the acquisition by the defendant of a wood yard of the plaintiff under a contract of barter or exchange which is described in the opinion.

The jury returned a verdict for the plaintiff in the sum of $133.33; and the plaintiff alleged exceptions.

*H. A. Buzzell*, for the plaintiff.

*R. J. Talbot*, for the defendant.

RUGG, C. J. This is an action of contract. The second count of the declaration is for the contract price for building a house. The salient facts are that by a written contract the plaintiff agreed to build a house and furnish all the labor therefor for the defendant, and the defendant agreed to provide all material and pay the plaintiff $600. After the house was partly completed the plaintiff was obliged to suspend work on account of illness. During his sickness the defendant called on him, when, according to the plaintiff's testimony, the defendant " told me that he had a chance to sell this house, and that he could have Mr. Bennett or Mr. Veley finish it. He said, ' I will keep track of all expenses of finishing and you will pay just what it costs me, — no more or no less, — because I can sell the house just as quick as it is done,' he says, ' in fact it is sold to-day.' After talking a little while I told him he could go ahead and do it that way. And he got Mr. Bennett, a man that worked a great deal for me. . . . He told me what Mr. Bennett said he would do this work for, and in thinking it over it would be about as cheap as I could do it myself, — that is, and charge a day's pay for it. . . . He thought Mr. Veley would do it for the same price, and would do it better than

Mr. Bennett. I was in favor of Mr. Bennett's doing it. I never had employed Mr. Veley, though I knew him. He told me what he would do it for. . . . In thinking it over there — of course I was in bed at the time — I figured it up, and I thought it was about the same price it would cost me, — that is, and get a day's pay out of it. So I told him to go ahead and do it. . . . He told me that Myron Wyman would do this inside work, and he would pay him by the day just the same as I had been paying. I told him if he thought he was competent to do that work to go ahead and let him do it. . . . I had let the plumbing and he had this same man do the work for the same price that I was to do it. He would look after this plumbing; he told me he would look after it."

After the plaintiff recovered he went to the house two or three times "to look it over and talk to the men," but he did not give them any directions "how to do the work." The reasonable construction of this conversation is that it effected a modification of the written contract as to the remainder of the work upon the house, such that the defendant was to hire men to complete it, and account with the plaintiff for the amounts so paid in settlement of the contract price. The conversation is not susceptible of the construction that the defendant became the agent of the plaintiff for hiring men to complete the contract. It follows that the plaintiff cannot recover the contract price and leave the defendant to establish by independent means the claim he may have for disbursements to complete the work required to be done by the plaintiff under the contract. He can recover only upon the contract as modified, for the contract price less that which the defendant has paid out for the completion of the contract and has already paid the plaintiff on account. The ruling was correct that the plaintiff could not recover on the theory that he had fully performed the original written contract.

The fourth count of the plaintiff's declaration set forth a sale of a wood business by the plaintiff to the defendant, the consideration for which was the assignment of a note and mortgage and the conveyance of certain real estate and a cash payment with the further allegation of performance by the plaintiff and breach by the defendant in failing to pay the cash and make a

valid conveyance of the real estate.  The third count was upon an account annexed, certain items of which were for the same property which constituted the subject of the sale alleged in the fourth count.  At the trial the plaintiff waived the fourth count, and elected to go to trial upon the third count.

The evidence was uncontroverted to the effect that the plaintiff had sold and delivered to the defendant the wood business and the property connected therewith, and had received from the defendant as partial consideration a note and mortgage of some third person, and that the plaintiff had retained this note and mortgage and had collected money due upon it, and had not returned or offered to return it to the defendant before bringing suit.  As to other items of property and cash alleged to constitute the consideration for the sale, the evidence was conflicting.  But upon the showing made by the plaintiff it is plain that he could not recover upon an account annexed for property sold by way of barter or exchange, where he retained a substantial part of the consideration received.  If he intended to revoke the contract by reason of the defendant's breach and to seek to recover the value of the property delivered to the defendant on a *quantum valebat,* it was his duty to put the defendant in the condition in which he was before the bargain by first returning to him the consideration he had received.  His failure to do this deprives him of the right to sue except for breach of the contract. *Kimball* v. *Cunningham,* 4 Mass. 502.  *Bartlett* v. *Drake,* 100 Mass. 174, 176.  *Marston* v. *Singapore Rattan Co.* 163 Mass. 296.  *Croft* v. *Wilbar,* 7 Allen, 248.  *DeMontague* v. *Bacharach,* 181 Mass. 256.  *O'Shea* v. *Vaughn,* 201 Mass. 412, 420–424. The plaintiff relies upon *Miller* v. *Roberts,* 169 Mass. 134, 146, but that case is plainly distinguishable, for in the case at bar no question of the statute of frauds was raised by the pleadings or at the trial, and the defendant appears to have contended that he had fully performed his part of the contract, and the controversy related chiefly to the terms of the contract.

Some reliance is placed upon the offer of the plaintiff during the trial to return the consideration.  But the authorities just cited show that the general rule is that the offer to return the consideration must be made in a case of this sort before action is brought.  A return may be made after the institution of the

action in instances where the thing returned is as between the parties a mere promise or not property, as for instance a check or note of one of the parties. *Morse* v. *Woodworth*, 155 Mass. 233, 249. *Illustrated Card & Novelty Co.* v. *Dolan*, 208 Mass. 53, 55. This is not that exceptional kind of case, but falls within the general rule above stated.

The question as to the validity of the deed of the Connecticut property becomes immaterial.

*Exceptions overruled.*