WALTER-WALLINGFORD COAL CO. *v.* A. HIMES COAL CO.

CONTRACTS — BREACH — CANCELLATION—WAIVER OF RIGHT TO RE-
COUP DAMAGES FOR BREACH OF CONTRACT.

> Where defendant notified plaintiff that it must fill a cer-
> tain order for coal by a certain date or cancel same, and
> plaintiff treated it as ending the contract, it was a re-
> scission of the contract, and defendant, by failing to reserve
> the right to claim damages for breach thereof by delay
> in shipment of coal, waived his right thereto, and was es-
> topped from claiming same in an action by the plaintiff
> for the price of coal delivered thereunder before its can-
> cellation.

Error to Kent; McDonald (John S.), J. Submitted
April 6, 1923. (Docket No. 43.) Decided July 19,
1923.

Assumpsit by the Walter-Wallingford Coal Company
against the A. Himes Coal Company for goods sold
and delivered. Judgment for plaintiff on a directed
verdict. Defendant brings error. Affirmed.

*Wicks, Fuller & Starr,* for appellant.

*Corwin & Norcross,* for appellee.

WIEST, C. J. This suit was brought to recover the
price of coal sold and delivered to defendant. De-
fendant, under plea of the general issue, gave notice
of recoupment and set-off arising out of claimed
breach of contract of purchase by plaintiff. Plaintiff
countered by showing a cancellation of such contract
by defendant. The trial judge held there was a
rescission of the contract and, therefore, no damages
for breach thereof could be recovered, and entered
judgment in favor of plaintiff for the price of the

---

On necessity of mutual consent as to right to rescind contract
without liability for nonperformance, see note in 30 L. R. A. 40.

coal delivered before cancellation.    The case is here on writ of error.

The parties, on April 3, 1920, by telegraph, entered into contract for the sale and delivery by plaintiff, a coal broker, of "seventy-five cars Elkhorn, by-product Rom to Pine Ridge Coal Company, Detroit, Mich., via any open route available equipment fast as possible at four fifty mines."    This contract was somewhat modified by subsequent correspondence.    Speedy delivery was contemplated but not made on account of claimed coal shipment embargoes, shortage of supply, strikes, a railroad washout and inability to obtain cars.    Defendant, for months, urged plaintiff to send coal, threatened to buy eleswhere and hold plaintiff for extra expense, but did not obtain any coal until several months after the making of the contract, when it received seven car loads.    November 1, 1920, defendant telegraphed plaintiff:

"You must complete order thirty-nine seventy-six on or before November 9th or cancel same."

Plaintiff treated this as ending the contract and thereafter sought pay for the coal delivered.    Defendant refused to pay and made claim for damages sustained by reason of plaintiff's breach of the contract.    In the notice of cancellation defendant went beyond refusing further deliveries and holding plaintiff to account for its delay.    This defendant had a right to do, and the only question in the case is whether the notification of November 1st ended the contract by way of rescission thereof.    Defendant's claimed recoupment and set-off are based upon breach of the contract by plaintiff.    Defendant concedes that, by reason of its repeated requests to plaintiff to ship the coal, it extended the time of performance and this required notice to place plaintiff in default but insists

that the notice given on November 1st was not a cancellation by defendant, and claims:

"It was not even a threat that defendant would cancel at a future time. It was a demand, not an offer, that plaintiff must complete shipment not later than November 9th, and that if plaintiff failed to do this it must itself cancel the order because of its own failure. This notice, in view of all the circumstances, could reasonably have conveyed to plaintiff only the idea that it must complete shipment under this contract by November 9th or that defendant would not accept any coal after that date and would hold plaintiff accountable for its failure. It would be unreasonable and inequitable to say that plaintiff had a right to deliberately ignore this mandatory demand and do nothing and that by so doing it could escape all liability."

The trouble with this claim is that it attempts to give the notice a character wholly inconsistent with its language. We are clearly of opinion that this notice was a cancellation of the contract and released the plaintiff from performance and prevents the defendant from now claiming damages for breach of the contract. Any intended reservation of rights under the contract by defendant should have been declared in the notice and cannot now be put forth to explain or modify the notice given.

The rule is stated in Black on Rescission and Cancellation of Contracts, § 704:

"If a contract is rescinded by mutual consent or by a demand on one side acquiesced in on the other, and there is no express reservation of claims for damages previously sustained under it, there is an implied waiver of any such claims, and neither party, after the rescission, can sue the other for damages sustained by a previous breach of the contract."

In *Whedon* v. *Lancaster County*, 80 Neb. 682 (114 N. W. 1102), it was said:

"To cancel is to annul and destroy. The cancel-

lation of a contract necessarily implies a waiver of all the rights thereunder by the parties. If, after a breach by one of the parties, they agree to cancel it, that is a waiver of any cause of action growing out of the original breach. *Dreifus, Block & Co.* v. *Columbian Exposition Salvage Co.,* 194 Pa. St. 475 (45 Atl. 370, 75 Am. St. Rep. 704)."

In *United States* v. *Behan,* 110 U. S. 338 (4 Sup. Ct. 81), the court said:

"When a party injured by the stoppage of a contract elects to rescind it, then, it is true, he cannot recover any damages for a breach of the contract."

The law is quite uniform upon this subject and many additional authorities might be cited. In *Hubbardston Lumber Co.* v. *Bates,* 31 Mich. 158, cited by defendant, the claimed rescission of the contract there involved was held not to be a definite notice of rescission, but rather an assertion of a breach and of such delay as would justify a refusal to accept further performance by reason of the breach and a claim of damages and it was held, quoting from the syllabus:

"A party cannot rescind a contract in part and hold it valid or insist upon it in part, or treat it as valid for one purpose and void for another; he cannot rescind and then insist on damages for not performing, for when a contract is rescinded, an action will not lie for the breach of it."

Plaintiff had a right to accept the notice according to its language. The language of the notice is not equivocal; it is too plain to call for construction; it ended all contract relations between the parties if not acted upon by plaintiff within the time fixed. Defendant by its own act not only put an end to performance of the contract but as well extinguished the contract and cast away all right to claim damages for any breach thereof. The notice ended the contract but did not save to defendant the right to damages for

breach now asserted by notices of recoupment and set-off.

The circuit judge made a right disposition of the case, and the judgment is affirmed, with costs to plaintiff.

FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.    McDONALD, J., did not sit.