LA PRISE v. WAYNE CIRCUIT JUDGE.

SHERIFFS AND CONSTABLES—SUMMARY JUDGMENT PROPERLY DENIED WHERE AFFIDAVIT INSUFFICIENT.

The circuit judge properly denied a motion for a summary judgment in an action against the sheriff after plaintiffs failed to secure from him an assignment of the bail

bond given by defendant in an action begun by plaintiffs by *capias ad respondendum,* on defendant's default, as provided by 3 Comp. Laws 1915, § 12984, where the affidavit upon which the motion was based failed to verify the plaintiffs' cause of action, as required by 3 Comp. Laws 1915, § 12581, but, instead, merely stated the opinion of their attorney that they had a good and meritorious cause of action.[1]

Mandamus by Alfred J. La Prise and another to compel Guy E. Smith, presiding circuit judge of Wayne county, to set aside an order denying a motion for summary judgment. Submitted March 16, 1926. (Calendar No. 32,404.) Writ denied April 14, 1926.

*Bresnahan & Groefsema,* for plaintiffs.

*Frank P. Darin* (*Harold Goodman,* of counsel), for defendant.

McDONALD, J. The plaintiffs seek a writ of mandamus commanding defendant to set aside an order denying a motion for a summary judgment and directing him to enter such judgment in an action by the plaintiffs against George A. Walters, sheriff of Wayne county, Michigan. On the 25th of August, 1925, the plaintiffs began suit by *capias ad respondendum* against one Lionel Alexander, who gave a bail bond in the sum of $3,000 in accordance with the statute, and was released from custody of the sheriff. No special bail was furnished. His default was taken for failure to appear and plead and on the 12th of September, 1925, judgment was rendered against him in the sum of $3,022.50. The plaintiffs then requested of the sheriff an assignment of the bail bond. Failing to secure the assignment suit was begun against the sheriff. To the declaration filed the defendant entered a plea of the general issue. There-

[1] Judgments, 34 C. J. § 432; Sheriffs and Constables, 35 Cyc. p. 1869.

after a motion was made for a summary judgment. This motion was denied, and the plaintiffs have asked this court for a writ of mandamus.

The following sections of the statutes are applicable to this issue:

"If special bail be not put in and perfected within the time limited by law, according to the rules and practice of the court, and the plaintiff be satisfied with the bail taken by the officer serving the writ, he may take an assignment of the bail bond from the officer to whom the bond was given, and may sue thereon in his own name."    3 Comp. Laws 1915, § 12984.

"At any time after any cause arising upon contract or judgment, or statute shall be at issue, upon motion of the plaintiff, after the usual notice to the defendant, supported by the affidavit of the plaintiff, or any one in his behalf having knowledge of the facts, verifying the plaintiff's cause of action, and stating the amount claimed, and his belief that there is no defense to the action, the court shall enter a judgment in favor of the plaintiff, unless the defendant shall prior to, or at the time of hearing said motion, make and file an affidavit of merits.    Said affidavit of merits shall state whether or not the defense claimed therein applies to the whole of the plaintiff's claim, and if not, it shall state definitely what item or items of the plaintiff's claim and the amount thereof, is admitted." 3 Comp. Laws 1915, § 12581.

The affidavit filed in support of the motion for a summary judgment reads as follows:

"STATE OF MICHIGAN, ⎫ ss.
   County of Wayne, ⎭

"Elmer H. Groefsema, being duly sworn deposes and says that he is one of the attorneys for the plaintiff in the above entitled cause and makes this affidavit for and in behalf of said plaintiffs; that said cause of action is at issue; that plaintiffs have a good and meritorious cause of action against said defendant and that the amount claimed by the plaintiffs is as follows:

"Amount due on bond, $3,000.00.

"Deponent further says that it is his belief that there is no defense to the action."

This affidavit is not sufficient to justify the court in entering a summary judgment. The statute requires an affidavit "verifying the plaintiff's cause of action." This means that the affidavit must verify the material facts necessary to support a judgment. It must furnish some proof of the plaintiff's cause of action; and it must be made by some person who would be competent to testify to the facts upon a trial. The affidavit in question does not make proof of any facts upon which the court could base a judgment. It merely states that in the opinion of their attorney, "plaintiffs have a good and meritorious cause of action against the defendant." It makes no reference to any of the facts alleged in the declaration and furnished the court no proof showing that the plaintiffs were entitled to a judgment. The court very properly denied the motion.

There are no other questions which merit discussion. The writ is denied, with costs to the defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.