ADAM KROEHLE'S SONS CO. *v.* ROCKFORD OAK
LEATHER CO.

1. SALES—UNIFORM SALES ACT—RIGHT TO ACCEPT AND REJECT.
    Under the uniform sales act (3 Comp. Laws 1915, § 11875, subd. 3), a buyer of hides, part of which is not of the quality contracted for, may reject the whole or reject that part not in accord with the contract and accept the balance.

[1]Sales, 35 Cyc. pp. 217, 222; 24 R. C. L. 293; 3 R. C. L. Supp. 1369; 5 R. C. L. Supp. 1281.

2. SAME—REJECTION AND RETURN OF GOODS WITH INSTRUCTIONS TO SHIP NO MORE AMOUNTS TO RESCISSION—MAY NOT REPLACE IN OPEN MARKET AT COST OF SELLER.

> A buyer of hides who elected to accept those in accord with the contract and reject the balance, which were returned with instructions to make no more shipments, could not, without giving the seller an opportunity to substitute, go into the open market and purchase to make replacement and charge the seller with the difference in cost, since what the buyer did amounted to a rescission of the contract.

3. SAME—ACTION WILL NOT LIE FOR BREACH OF RESCINDED CONTRACT.

> A party may not rescind a contract and then insist on damages for not performing it, for when a contract is rescinded, an action will not lie for the breach of it.

Error to superior court of Grand Rapids; Verdier (Leonard D.), J.    Submitted June 9, 1927.    (Docket No. 51.)    Decided October 3, 1927.

Assumpsit by Adam Kroehle's Sons Company against the Rockford Oak Leather Company for goods sold and delivered.    Judgment for plaintiff on a directed verdict.    Defendant brings error.    Affirmed.

*Linsey, Shivel & Phelps,* for appellant.

*Hilding, Hilding & Tubbs,* for appellee.

The defendant, a Michigan corporation, located in Grand Rapids, is engaged in the business of finishing leather to be used for upholstering purposes.    The plaintiff, an Ohio corporation, located in Cleveland, is engaged in the tanning of leather.    August 8, 1921, the parties orally contracted that defendant would buy from plaintiff 3,500 to 5,000 pieces of russet leather hides, commonly called butts, for 2½ cents per square

[2]Contracts, 13 C. J. § 684; Sales, 35 Cyc. pp. 156, 160 (Anno);
[3]Contracts, 13 C. J. § 684.

foot. It is undisputed that these butts were to be "table or tannery run stock, with the worst ones to be thrown out, and all the edges trimmed off." They were to be used for chair seats, and it is conceded that there followed an implied warranty they would be reasonably fit for such purpose. On October 25th, following, under a like agreement, defendant ordered from plaintiff an additional 2,500 butts for 2¾ cents per square foot.

From August 17th to December 15th six shipments were made for a total of 3,495 butts. Defendant complained of their quality, and, after some correspondence with plaintiff concerning this and its own delinquency in making payments according to contract, on January 20, 1922, returned a considerable number of the butts, which were accepted by plaintiff, and for which credit was given. The exact number returned seems to have been in dispute, but it was about the same number that was contained in the last shipment. January 4th, preceding this return, defendant had ordered plaintiff to stop all further shipments. This order was never rescinded, and while defendant now claims that it at all times desired the returned hides replaced by plaintiff with others, its claim is not supported by the record. The defendant then owed a balance on the goods it had used, and promised to make settlement; it ordered further shipments discontinued, and told plaintiff that it had already gone into the open market and bought to replace the returned goods; it gave plaintiff no opportunity to make any additional shipments, nor did plaintiff ever refuse to do so; all of which, in effect, amounted to a repudiation or rescission of the contract in so far as the returned goods were concerned. Defendant made several payments on the hides retained and used, but refused to pay a balance of some $1,200, to recover which this

action was instituted. From a directed verdict and judgment for plaintiff, defendant brings error.

In its plea, the right is claimed to recoup damages it says it sustained on the butts returned, by reason of going into the market and replacing them at a much higher price. But this right was denied it upon the trial, and the correctness of the ruling is the only question before us.

As stated by counsel for appellant:

"The assignments of error raise the one question as to whether or not defendant's set-off and counterclaim, in whole or in part, presented a question of fact which should be submitted to the jury."

SNOW, J. (*after stating the facts*). Whether or not the hides furnished complied with the contract and warranty is in dispute. But the question is unimportant, since plaintiff accepted the rejected pieces and is demanding payment only for those retained and used by the defendant. Assuming, however, they were not all of the quality contracted, what, then, were the rights of the buyer? It had the right to reject the whole. It also had the right to reject those not in accord with the contract and accept those that were. These rights are given it by statute. See uniform sales act (3 Comp. Laws 1915, § 11875, subd. 3).

Defendant elected to accept those in accord with the contract and reject the balance. Its right to do so was recognized by plaintiff and the returned hides credited to its account. But now defendant claims the additional right, without giving plaintiff opportunity of making proper substitution of the goods returned, to purchase in the market and charge plaintiff with the difference in cost. This it may not do. The return of the hides, notice to send no more stock until advised, failure to advise further shipments or give plaintiff opportunity to perform before going into the market and purchasing elsewhere, amounted to a

repudiation or rescission by the defendant of the contract in part, and in such an instance we have held that:

"A party cannot rescind a contract in part and hold it valid or insist upon it in part, or treat it as valid for one purpose and void for another; he cannot rescind and then insist on damages for not performing, for when a contract is rescinded, an action will not lie for the breach of it." *Hubbardston Lumber Co.* v. *Bates,* 31 Mich. 158.

See, also, *Walter-Wallingford Coal Co.* v. *Himes Coal Co.,* 223 Mich. 576, and cases.

Clearly defendant waived any right it may have had to claim damages, and is now estopped from so doing. We are of the opinion that plaintiff was entitled to a judgment for any balance due for goods retained by defendant, and that the trial court was correct in its conclusion that "under those circumstances, of course, he (meaning defendant) cannot come into a court of law and claim damages for the breach of the contract that he himself has turned down and repudiated."

Judgment affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.