SLOMAN *v.* ALLEN.

1. FRAUD—REMEDIES—RESCISSION—DAMAGES.
    Person defrauded in sale of property may either rescind contract and recover back amount paid, or affirm contract and recover damages.

2. SAME—VENDOR AND PURCHASER—RESCISSION—TENDER BACK.
    On rescission of land contract by vendee for vendor's fraud, contract must be tendered back.

3. SAME—RESCISSION—DAMAGES.
    In action by vendor for amount unpaid on land contract, where defense is fraud, if vendee's claim of rescission is not established, she might still recoup damages for fraud.

4. JUDGMENT—SUMMARY JUDGMENT—FRAUD.
    In action by vendor for amount unpaid on land contract, where defense was fraud and defendant's affidavits of merits presented question of fact, summary judgment for plaintiff should not have been entered.

Error to Wayne; Campbell (Allan), J. Submitted October 15, 1930. (Docket No. 90, Calendar No. 35,097.) Decided December 2, 1930.

Assumpsit by Edmund M. Sloman and another against Bertha E. Allen for sums due on a land contract. Set-off and recoupment by defendant, alleging fraud, for sums paid under contract. From summary judgment for plaintiffs, defendant brings error. Reversed and remanded.

*Everett H. Wells,* for plaintiffs.

*Beaumont, Smith & Harris (Charles H. McIntyre,* of counsel), for defendant.

On right of vendee under contract of sale of real property to recover payments, see annotation in L. R. A. 1918B. 553; 59 A. L. R. 223.

SHARPE, J.   Plaintiffs brought this action to recover the amount unpaid on a contract for the sale to defendant of certain lots bordering on a lake in Oakland county.   Defendant pleaded the general issue, and gave notice that she would insist upon the trial that the contract was void because the sale was an incident to a lottery conducted by plaintiffs; that by way of set-off and recoupment she would claim the allowance to her of the sums paid by her on the contract; that she had been induced to enter into the contract by fraud and misrepresentation, and that she had canceled and rescinded the contract.

The plaintiffs moved for a summary judgment. Defendant filed several affidavits of merits, stating in that made by her that "she has, through her proper agent or agents, rescinded said contract and demanded the return of her money."   She also alleged therein—

"that she has in the above entitled cause filed a plea of set-off and recoupment for the recovery of the money she has paid to the plaintiffs under said contract."

The rule of law is well established that a person defrauded in a sale of property has a choice of two remedies.   Defendant might have rescinded the contract and demanded a return of what she had paid thereon.   But, to do so, she must have tendered back the contract.   Or, she could affirm the contract, retaining the property, and recover the damages sustained due to the misrepresentation.

On the trial the defendant might have relied on either of these defenses.   If her claim of rescission was not established, she might still recoup damages for the fraud in this action brought on the contract to recover a part of the purchase price.   *Peterson* v. *Poloms,* 250 Mich. 311.

It cannot be said upon this record, as claimed by plaintiffs, "that the defense in this action is based solely upon rescission." In our opinion, a question of fact was presented by the affidavits of merits, and a summary judgment should not have been entered.

The judgment is set aside, with costs to defendant, and the cause remanded for a trial in the usual manner.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.