## FIGNAR *v.* SCHREIBER.

1. FRAUD—SALES—LEASE—RECITATION IN CONTRACT INEFFECTIVE AGAINST CLAIM OF FRAUD.

Clause in contract of sale of theatre and lease of building reciting that it was entered into by lessees in reliance on their own observations and not because of any representations made by lessor or any other person, is ineffective against claim of fraud by lessees.

2. Same—Rescission—Sales—Lease.
    Where, in suit for rescission of contract of sale of theatre and
    lease of building and to recover amount paid thereon, on
    ground of fraud, finding of fraud by court below is sustained
    by evidence, decree for plaintiffs is affirmed, on appeal.

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted October 6, 1931. (Docket No. 21, Calendar No. 35,639.) Decided December 8, 1931.

Bill by Andrew Fignar and another against Raymond Schreiber and another to rescind a contract of purchase and lease on the ground of fraud. Decree for plaintiffs. Defendants appeal. Affirmed.

*Joseph Charnoske,* for plaintiffs.

*Shapero & Shapero,* for defendants.

Potter, J. Plaintiffs claim to have purchased a moving picture show and taken a lease of a building in which it was operated in Detroit from defendants, and file the bill of complaint herein for rescission of the contract of purchase and lease upon the ground of defendants' fraud and to recover the amount paid upon such contract. From a decree for plaintiffs, defendants appeal. Plaintiffs, foreigners by birth, saw an advertisement in a newspaper, and having some money, thought they would purchase a theatre advertised for sale. Defendants are father and son. The father disclaims any interest in the property. The son is a minor and the contract of sale and lease was not signed by his guardian. The father was active in selling and leasing the property, in subsequent transactions, and in defense of the suit. There was ample evidence to sustain plaintiffs' claim that by means of fraud and false representations they were induced to purchase the property

and lease the building in question. The contract of sale and purchase contains a clause, "It is hereby understood by the lessees herein that they are purchasing said theatre and entering into this lease in reliance upon their own observations and not because of any representations or any facts made by Raymond Schreiber or any other person." There was no reason to insert this clause in the contract unless it was prompted by a consciousness upon the part of Raymond Schreiber that he had successfully perpetrated a fraud upon the plaintiffs. Such clause is ineffective against fraud. *Peck* v. *Jenison,* 99 Mich. 326; *J. B. Millet Co.* v. *Andrews,* 175 Mich. 350; *J. B. Colt Co.* v. *Reade,* 221 Mich. 92; *Plate* v. *Detroit Fidelity & Surety Co.,* 229 Mich. 482.

There is no serious dispute about the facts. We think the fraud, deceit, and false representations found by the trial court sustained by the evidence, and its decree is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.