## HAFNER *v.* A. J. STUART LAND CO.

1. VENDOR AND PURCHASER—DEFAULT—RIGHT TO RESCIND.

   Generally, a party is not entitled to rescind if he is himself in default.

2. SAME—FRAUD—NO DEFAULT IF NO VALID CONTRACT.

   If there was no binding contract, by reason of vendor's fraud, there was no obligation on vendees to pay, and hence no default in payment.

3. SAME—RESCISSION WARRANTED.

   In a suit to rescind land contracts on the ground of vendor's fraud, evidence *held*, sufficient to support the finding by the court below of fraud and misrepresentation, warranting rescission.

4. JUDGMENT—COLLATERAL ATTACK—PAYMENT OF SPECIFIC TAX ON LAND CONTRACTS.

   Judgments obtained by assignees of vendor against vendees in land contracts, in actions under 3 Comp. Laws 1915, § 13231, are not void and open to collateral attack because it does not affirmatively appear of record that the specific tax on contracts required by 1 Comp. Laws 1915, §§ 4268, 4269, 4275, had been paid.

5. SAME—VALIDITY.

   Judgments showing affirmatively no lawful service on defendants are void.

6. VENDOR AND PURCHASER—RESCISSION—DIFFERENCE IN NAME IMMATERIAL.

   Where, in a suit by vendees to rescind land contracts on the ground of vendor's fraud, it appeared that contracts were issued in the name of William C. Brabant, but the down payment was made by William C. Beaufore, with note by Beaufore, later paid by him, and the purchaser was identified and delivery made to him, the difference in name is unimportant.

On measure of damages for fraud in exchange of property, see annotation in 8 L. R. A. (N. S.) 804; 16 L. R. A. (N. S.) 818.

7. SAME—RESCISSION—LIENS—BONA FIDE PURCHASERS.

In vendees' suits to rescind land contracts and to recover the money paid, the decrees against vendor's assignees giving liens on the lots covered, with provision for foreclosure, are sustained; assignees not being *bona fide* purchasers.

8. FRAUD—MEASURE OF DAMAGES.

In an action for fraud in the sale of lots, the measure of damages is the difference between the value as represented and what it actually is.

9. VENDOR AND PURCHASER—RESCISSION—AMOUNT RECOVERABLE.

In vendees' suits in equity to rescind land contracts and to recover the money paid, the same consideration obtains as in an action at law after rescission, wherein plaintiffs would be entitled to recover the money paid on the theory that defendants to whom it was paid held it under implied promise to pay.

10. SAME—LIABILITY OF VENDOR'S ASSIGNEES LIMITED TO AMOUNT RECEIVED.

In vendees' suits in equity to rescind land contracts and to recover the money paid, decrees against vendor's assignees for all of the money paid, including that paid vendor, are not proper, since their liability is limited to the amount received by them.

11. SAME—VENDEE'S LIEN ON RESCISSION ANALOGOUS TO VENDOR'S FOR PURCHASE PRICE—FORECLOSURE.

Where, on rescission of land contract, vendee is given a lien for money paid, said lien is analogous to a vendor's lien for unpaid purchase money, and should be foreclosed in like manner; opportunity to pay before foreclosure being properly afforded.

Appeal from Wayne; Dunham (Major L.), J., presiding. Submitted January 25, 1929. (Docket No. 130, Calendar No. 34,190.) Decided March 29, 1929. Rehearing denied June 20, 1929.

Bill by Peter C. Hafner and others against A. J. Stuart Land Company and others for rescission of land contracts and restitution of moneys paid. From decree for plaintiffs, defendants appeal. Modified and affirmed.

*Howard H. Campbell,* for plaintiffs.

*Harry H. Wait,* for defendants.

CLARK, J.  This is a consolidation of 33 suits in chancery.  Plaintiffs filed the bills as purchasers against the vendor, A. J. Stuart Land Company, a corporation, to rescind the executory contracts.  The individual defendants, Mr. and Mrs. Stuart, are subsequent grantees of the defendant corporation.  From a decree for plaintiffs, defendants have appealed.

1.  Plaintiffs' case was presented in hearing on inconsistent theories, one that the vendor had failed to make agreed improvements, which theory assumes a valid contract, the other that there were fraud and misrepresentation in the inception, which negatives valid contract. *Provident Loan Trust Co.* v. *McIntosh,* 68 Kan. 452 (75 Pac. 498, 1 Ann. Cas. 906).  A rule, stated generally, is that a party is not entitled to rescind if he is himself in default (39 Cyc. 1422, 27 R. C. L. § 413, 3 Black on Rescission and Cancellation, § 553), and defendants contend that all the plaintiffs, vendees, were in default in payments under the contract and therefore they may have rescission neither on the ground of defendant vendor's failure to make agreed improvements nor for fraud.  We pass the question relative to failure to make improvements, and dispose of the case on other ground.

2.  Plaintiffs' other theory, of fraud and misrepresentation, is that because thereof there was no engaging quality from the beginning, no valid contract, and that the court should so decree.  If there was no binding contract, there was no obligation on plaintiffs to pay, and hence no default in payment. The trial court found fraud and misrepresentation.

The finding must be sustained, being sufficiently supported by evidence. The defendant vendor owned some land on Lake Erie, part of which was platted, making approximately 227 lots. It was called "Rockwood on the Lake." A selling agent was engaged. Printed matter was used, shown to purchasers, and relied on. It contained misrepresentations of fact, which in effect were fraudulent. It showed a large plat of nearly 900 lots, nearly four times the size of the actual and approved plat. This was important in relation to the extensive and highly costly improvements, promised in the contracts, and to be made from percentage of receipts on the contracts. And the vendor did not own and had no interest in a part of the land within the area of the plat as advertised. There were other misrepresentations which need not be discussed. The evidence warrants rescission.

3. It appears that as against some 15 of the bills of complaint the further defense is made that before the filing of the bills, statutory actions for possession had been commenced by the Stuarts as assignees of the vendor against the vendees, plaintiffs in the said bills, before a justice of the peace of the township (3 Comp. Laws 1915, § 13231), and in all of them judgments were entered in favor of such assignees against said vendees, plaintiffs herein. Counsel assume that if the judgments are valid they are a bar to these suits as regards such plaintiffs, so that question is passed. Plaintiffs contend that the judgments are void and open to this collateral attack because it does not affirmatively appear of record that the specific tax on the contracts required by sections 4268, 4269, and 4275, 1 Comp. Laws 1915, has been paid. This is answered against plaintiffs' contention by *Security Investment Co. v.*

*Meister,* 214 Mich. 337.   Two of the judgments are void, showing affirmatively no lawful service on defendants.   They are judgment against Charles Merckel and Matilda Merckel and judgment against Charles A. Woolborg and Anna Woolborg.   See *Campbell* v. *Wayne Circuit Judge,* 111 Mich. 247; *Barnes* v. *Curry,* 232 Mich. 532.   No further comment on this matter is necessary.   Remaining judgments are valid, and, in view of the above, the bills of complaint in so far as they relate to lots involved in such judgments will be dismissed with costs.

4.   Contracts covering four lots were issued in the name of William C. Brabant; the down payment was made by William C. Beaufore, with note by Beaufore, later paid by him, all of which appeared in the books of vendor's sales agent.   The purchaser was identified and delivery made to him.   We think the difference in name not here important.   18 C. J. p. 176.

5.   It is said that plaintiffs in some two or three of the bills of complaint were not sworn as witnesses and that therefore the allegations of such bills have no support.   We find sufficient support in the evidence and the testimony of other witnesses.

6.   All of the land contracts were made by and between the plaintiffs and the defendant corporation, and the down payments, being the only payments made in many of the cases, were made to the corporation.   Most subsequent instalments, where paid, were paid to the corporation.   The corporation conveyed all the land in question to defendants Mr. and Mrs. Stuart on July 31, 1925, and thereafter in some instances payments were made to them.

The decree is personal against the Stuarts for the whole amount paid on the contracts, with interest, and it provides for writ of execution.   It also gives

to each plaintiff a vendee's lien on the lot or lots covered by his contract, with provision for foreclosure. The feature of the decree respecting lien is sustained, the Stuarts not being *bona fide* purchasers.

The question is the right to enter personal decree that the Stuarts pay the whole amount that plaintiffs paid on the contracts, with interest.

Plaintiffs, upon learning of the fraud, might have affirmed the contracts and sued in tort for damages, and in such suit might have joined all participants in the fraud as defendants, and in such case the measure of damages would be the difference between the value of the land as it was represented and as it was.

But plaintiffs chose to rescind. Had they sued at law, after rescission by their own act, recovery would be in assumpsit, as for money had and received, on the theory that those defendants to whom money had been paid held it for plaintiffs under implied promise to pay. The same consideration obtains in this suit in equity. Plaintiffs claim by the bills no more than the total of the payments on the contracts, with interest. There is no claim of further expenditure thereon by plaintiffs. 3 Black on Rescission and Cancellation, § 695. Immediately the contracts were rescinded by decree herein, a promise arose on the part of defendant corporation to pay to plaintiffs all sums received by it from plaintiffs on the contracts, with interest, and like promise arose on the part of defendants Stuart with respect to sums paid to them on the contracts by some of the plaintiffs after July 31, 1925, the date on which they took deed (not in good faith as to these plaintiffs), from the defendant corporation, of the lands in question.

A personal money decree against defendants Stuart for the total of all payments made by plaintiffs, with interest, is not proper in these suits for rescission. It is not based upon promise. It smacks of a tort action for fraud or in punishment of fraud. It is said (3 Black on Rescission and Cancellation, in section 685):

"But it is not within the province of a court of equity under the mask of a legal fiction of rescission to punish a fraud. And in an action to set aside a conveyance on the ground of fraud and misrepresentations, a judgment should not be rendered against one not a party to the conveyance, and who received none of the property, though he participated in the fraud through which it was procured."

We quote syllabus from *Bainter and Barnett* v. *Fults,* 15 Kan. 323:

"Where F. commences an action against B. and G. to set aside on the ground of fraud a certain executed contract, and certain deeds connected therewith, and to place the parties in the same condition in which they were before the fraudulent transactions occurred, and where it was shown that B. only was to receive or did receive any benefit from the contract or deeds, and was the only person who was to receive or did receive any portion of F.'s property, and G. was not a party to any instrument to be set aside or canceled, and where a portion of the property received by B. from F. was $947 in money: *Held,* That it was error for the court to render a judgment jointly against B. and G. for a return of that money, although G. participated in the fraud. In an action in the nature of an action at law for damages a joint judgment against both would be proper. But in an action in the nature of a suit in equity like this, and under the facts of this case,

such a judgment is not proper. The judgment should be against B. alone."

See, also, *Maxwell* v. *McWilliams*, 145 Ill. App. 155; *Wolfram* v. *Shifflet, Cumber & Co.*, 244 Mich. 518; 39 Cyc. 2058.

The personal liability of the defendant corporation is not greater here than the total of payments received by it from plaintiffs on the contracts, with interest. And personal liability of defendants Stuart is limited to the total of payments received by them from plaintiffs on the contracts after July 31, 1925, with interest.

The defendants are properly afforded by the decree opportunity to pay before foreclosure of the lien. The lien of a vendee is analogous to a vendor's lien for unpaid purchase money and should be foreclosed in like manner. *Heppner* v. *Smith*, 238 Mich. 245; 39 Cyc. 2035.

The matter of personal decree for deficiency, if any, and other detail, including cost item of specific tax paid, may be determined on settlement of the decree.

The decree modified as aforesaid.is affirmed, with costs to defendants.

North, C. J., and Fead, Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred.