## MARTIN *v.* MORTENSON.

1. VENDOR AND PURCHASER—FAILURE TO CONSTRUCT IMPROVEMENTS—CANCELLATION—ACCOUNTING.

Where improvements in subdivision which vendor agreed would all be completed before certain date were not so completed, vendee was entitled to cancellation of contract for purchase of 'lots therein and accounting for money paid.

2. SAME—TRUSTS—VENDEE CANCELING CONTRACT HAS NO EQUITABLE CLAIM ON TRUST FUNDS RECEIVED FROM OTHERS.

Upon rescission and cancellation of contract for purchase of land which is subject to trust mortgage given to secure bondholders, vendee is not entitled to decree against trustee having trust funds in its possession requiring repayment of purchase price instalments from said funds, unless it is established that trustee has in its possession money paid to it by vendee; latter having no equitable claim upon funds in trustee's hands derived from other sources.

Appeal from Wayne; Black (Edward D.), J., presiding. Submitted January 18, 1933. (Docket No. 54, Calendar No. 36,822.) Decided June 5, 1933.

Bill by Frank A. Martin against Benjamin F. Mortenson and Union Guardian Trust Company, a Michigan corporation, for rescission of a land contract. From decree for rescission but denying payment from funds in hands of trustee, plaintiff appeals. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg* (*Crawford S. Reilley* and *Edward T. Kelley,* of counsel), for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright* (*Robert E. McKean* and *John M. Bulkley,* of counsel), for defendant.

NORTH, J. The bill of complaint herein was filed for the purpose of securing rescission of a land contract covering two lots which plaintiff purchased of defendant Mortenson. Rescission was granted, defendant Mortenson decreed to repay to plaintiff the amounts he had paid on his land contract, and a lien therefor given to plaintiff upon the lands described in the contract. This lien was superior to the mortgage hereinafter noted. Plaintiff appealed because the court did not decree payment to him of the amount found due on rescission out of funds in the hands of the trust company as trustee.

· On October 4, 1924, plaintiff purchased from defendant Mortenson two lots on land contract at the price of $4,250. There was a down payment of $500, and the balance with interest was payable in monthly instalments of $43 each. More than two

years subsequent to the consummation of this contract the vendor entered into a financing arrangement incident to which he gave a trust mortgage covering the subdivision in which the purchased lots were located and also other property to the Guardian Trust Company of Detroit, now Union Guardian Trust Company. He also assigned to the trust company his vendor's interest in outstanding contracts, including the one with plaintiff. Incident to this transaction bonds to the amount of $650,000 were issued and sold by the trust company. Subsequent to the consummation of the trust mortgage plaintiff made payments on his contract to the trust company to the amount of $1,548. Prior to the trust arrangement he had paid direct to Mr. Mortenson $1,617.

Under the head of "improvements," the land contract provided that the vendor should lay cement sidewalks in front of all lots in the subdivision, grade and cinderize the streets, construct lateral water mains and lateral sewers and plant shade trees in front of each resident lot. By the terms of the contract all of these improvements should have been completed prior to July 9, 1930. None of the improvements were so made. On July 9, 1930, plaintiff made tender of the balance of the contract price and demanded either a conveyance of the property involved with the improvements completed or a refund of the money which he had paid on the contract. Defendants refused to comply with either of these demands. Plaintiff served notice of rescission and thereafter filed this bill for cancellation and an accounting.

Under the facts plaintiff was clearly entitled to cancellation, and it was so decreed; but he asserts that he was also entitled to have the sums found due him decreed to be paid by the trustee out of cer-

tain trust funds then in its possession. In this connection the following facts are pertinent:

By the terms of the trust instrument the trust company was authorized to make the above-noted improvements in event the vendor failed, but it did not obligate itself to do so. For this purpose the trustee was permitted to retain $49,000 from the proceeds of the sale of the bonds, of which $16,000 was allocated for making improvements in the subdivision where plaintiff's lots were located. At the time proofs were taken the trustee had in its possession incident to the accumulation of this fund $6,700. It also had in its possession as a sinking fund for the retirement of bonds and payment of interest $32,000.

The difficulty with plaintiff's claim that he should be decreed payment by the trustee is that no testimony was produced tending to show that at the time suit was instituted the trustee had in its possession any money paid to it by plaintiff. Instead, it appears that plaintiff had made no payments on his contract for a year prior to suit. The fair inference from the record is that any funds previously paid by plaintiff to trustee had been legitimately expended in payment by the trustee of principal or interest on the bonds or for other legitimate purposes, and that funds in the trustee's possession came to it through payments of other contract purchasers. At least the record does not disclose the source of such funds. Primarily the trustee was holding the funds for the benefit of the bondholders and also for the benefit of all contract purchasers incident to the agreement to make the improvements in these properties. The purchase price of outstanding contracts totaled approximately $760,000. Neither the bondholders nor the other contract pur-

chasers are made parties to this suit. The inequity of decreeing that money held for their benefit by the trustee should be turned over to plaintiff is obvious, unless it is first made to appear that the money which the trustee is decreed to pay to plaintiff is money in the hands of the trustee placed there by plaintiff, and that it is not money from other contract purchasers or from other sources. The circuit judge properly so held. Contrary to appellant's contention, the question here presented is not involved in *Hafner* v. *A. J. Stuart Land Co.,* 246 Mich. 465. A decision more nearly in point will be found in *St. Louis & S. F. R. Co.* v. *Spiller,* 274 U. S. 304 (47 Sup. Ct. 635). Under the circumstances here presented, it must be held that upon rescission and cancellation of a contract for the purchase of land which is subject to a trust mortgage given to secure bondholders the vendee is not entitled to a decree against the trustee having trust funds in its possession requiring repayment of purchase price instalments from such funds, unless it is established that the trustee has in its possession money paid to it by the vendee. The vendee has no equitable claim upon funds in the trustee's hands derived from other sources. He is not entitled to a decree of payment from such funds any more than he is entitled to have a lien decreed upon lands belonging to the vendor but not included in the vendee's land contract.

The decree entered in the circuit court in chancery is affirmed, with costs to appellee.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.