GARDNER *v.* THOMAS R. SHARP & SONS.

1. VENDOR AND PURCHASER—MODIFICATION OF CONTRACT—WAIVER OF DEFAULTS.

By entering into contract modifying terms of land contract theretofore existing between parties, they waived all defaults in payments required prior to modification agreement.

2. SAME—MORTGAGES—DEFAULTS—BURDEN OF PROOF.

Purchasers of mortgaged property under land contract who seek rescission thereof on basis of defaults by vendor in payments on mortgage have burden of showing defaults as to mortgage were prior to those of plaintiffs and afforded justification therefor.

3. SAME—MORTGAGES—RESCISSION—DEFAULTS—EQUITY.

Purchasers under land contract who were first in default in payments due thereunder *held*, not entitled to rescission thereof because of vendor's defaults in making payments on its mortgage, where at time notice of forfeiture of contract was given purchasers were in default in a greater sum than was the vendor on the mortgage, plaintiffs having first breached the contract and on that account not in court with clean hands.

4. SAME—MORTGAGES—STATUS OF PAYMENTS—RESCISSION.

Contention that purchasers were justified in instituting suit for rescission of land contract because mortgagor refused to disclose status of mortgage indebtedness *held*, without merit, especially where record discloses purchasers were able to obtain such information from mortgagee and the land contract did not require such disclosure.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—VENDOR AND PURCHASER—MORTGAGES.

Question as to whether mortgage which antedated plaintiff purchaser's land contract was covered thereby at all is not discussed where not suggested by either party in suit for rescission.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 13, 1937. (Docket No. 127, Calendar No. 38,980.) Decided April 29, 1937.

Bill by Clarence V. Gardner and wife against Thomas R. Sharp & Sons, a Michigan corporation, for rescission of a land contract and other relief. Bill dismissed. Plaintiffs appeal. Affirmed.

*Harry Z. Marx* and *Harry J. Merritt,* for plaintiffs.

*Frederick J. B. Sevald* and *Daniel P. Cassidy,* for defendant.

NORTH, J. This is a bill in equity for rescission of a land contract wherein plaintiffs are vendees and the defendant corporation the vendor. The original contract bears date September 1, 1929. It provides that within certain limitations the vendor might mortgage the property. In this particular the terms of the land contract are the same as those quoted in *Dirr* v. *Hitchman,* 260 Mich. 179. The mortgage was dated July 30, 1929, and was due and payable five years from date. In September, 1932, plaintiffs instituted a suit in equity wherein cancellation of the contract was sought on grounds not involved in the instant suit. On May 17, 1933, the parties entered into an agreement by which their suit was discontinued and the terms of the land contract modified. The unpaid purchase price was reduced to $9,000, as of June 1, 1933. The monthly payments were reduced to $65, "the first payment to be made June 1, 1933."

The theory of plaintiffs, who at the time of instituting their suit were in default in their contract payments, is that defendant was first in default in its failure to keep up the payments on its mortgage, and therefore plaintiffs claim the right to rescission and return of their payments on the land contract less

the reasonable rental value of the property. It becomes important to ascertain which of these parties was first in default.

Since the parties by mutual agreement entered into a modified contract on May 17, 1933, it follows that neither of the parties can now claim a right to relief in consequence of a default or defaults prior to May 17, 1933. By entering into such modified contract each of the parties waived all prior defaults of the character here involved.

From the date of the modified contract until January, 1934, the vendees made the specified contract payments of $65 per month. The next payment was due February 1, 1934. The vendees were not in default prior to this date, but thereafter their monthly payments were less than $65 and only sufficient to cover accrued interest. By January, 1935, the vendees were in default in their payments to the amount of $516.29, and they continued to be in default thereafter. From the foregoing it appears that the vendees were in default on their contract from and after February 1, 1934.

The mortgage given by the vendor did not mature until July 30, 1934. The mortgage provided for semi-annual payments in the amount of $240. The mortgagor made the following payments: January 30, 1933, $295.40; July 29, 1933, $313; January 31, 1934, $210; total $818.40. During this period the mortgagor was required to pay only $720. As between these parties the mortgagor was not in default on his payments until long after plaintiffs, as contract vendees, defaulted in making their payments. Conclusively, the vendees were first in default. The burden of establishing their right to rescission was upon plaintiffs. On this record they failed to establish a prior default on the part of the vendor which

had any causal relation or was in any way a justification for the several defaults of the vendees.

As noted above, the vendees, plaintiffs in the instant case, continued to be in default after February 1, 1934. Notwithstanding this the vendor's notice of forfeiture was not given until March 1, 1935. At that time the original $8,000 mortgage had been reduced to approximately $7,100, and the vendor's title was not jeopardized by threatened foreclosure, notwithstanding the mortgage was past due. At the time of notice of forfeiture there was unpaid on plaintiffs' land contract more than $9,000. Under such facts, especially since the record shows that plaintiffs were in default in their contract payments prior to the time the vendor was in default on his mortgage, plaintiffs were not entitled to rescission. They first breached the contract and on that account are not in court with clean hands.

There is no merit to the vendees' complaint that the vendor refused to give them information as to the status of the mortgage indebtedness and on that ground they were justified in instituting suit for rescission. The vendor was not obligated by the terms of the contract to furnish the vendees with this information; and further the record discloses that vendees were able to obtain the desired information from the mortgagee.

Because it has not been suggested by either party, we make no point of the fact disclosed by the record that the mortgage on which the vendees claim the vendor was in default antedated the land contract. The query is whether this prior mortgage and payments thereon are covered at all by the terms of the contract. In this connection see *Langley* v. *Kirker,* 247 Mich. 443; also *Daly* v. *Kramer,* 235 Mich. 581.

The decree entered in the circuit court dismissing plaintiffs' bill of complaint is affirmed, with costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.

BUSHNELL, J., concurred in the result.