GLOESER v. MOORE.

1. EVIDENCE—FRAUD IN PROCUREMENT OF A CONTRACT.

Fraudulent representations in a contract will void it and fact
that subscription agreement contains provision that it was
taken subject to approval or rejection of syndicate and that
latter would not be bound by representations other than those
printed therein did not prevent plaintiff subscriber from show-
ing that procurement of the agreement was void by reason of
false representations made by agent of syndicate.

2. JOINT STOCK COMPANIES—SUBSCRIPTION AGREEMENTS—FRAUD.

Subscriber to syndicate certificates. in an oil company is not
bound by terms of written subscription agreement, if he was
induced to execute such contract because of false and fraudu-
lent representations by syndicate's agent.

3. PLEADING—FRAUD—RESCISSION—AFFIRMANCE OF CONTRACT.

In a fraud action plaintiff can declare upon inconsistent counts
of rescission and affirmance of the contract.

4. FRAUD — AFFIRMANCE OF CONTRACT — RESCISSION — MEASURE OF
DAMAGES.

If plaintiff in action of fraud on syndicate subscription agree-
ment affirms the contract his measure of damages is the differ-
ence between what he has paid and the value of the stock he
received at the time it was sold to him but where rescission is
sought because of fraud, plaintiff is entitled to recovery of
what he has paid.

5. SAME—RESCISSION—TENDER—DEMAND.

Party suing to rescind contract of subscription for syndicate cer-
tificates because of fraud must seasonably assert such rescis-
sion, tender back what he has received and demand repayment
of purchase price.

6. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS—THEORY OF CASE
—FRAUD—AFFIRMANCE OF CONTRACT.

On appeal from summary judgment for plaintiff in action for
fraud in obtaining subscription agreement for shares in syndi-

cate, plaintiff's cause of action *held*, to rest upon affirmance of contract and action for damages because of its breach by defendants, that being the theory of his motion for summary judgment and affidavit in support thereof.

7. SAME—MOTION FOR SUMMARY JUDGMENT—AFFIDAVITS—COMPETENCY OF AFFIANT.

Affidavit of railroad section hand and ditch digger in support of his motion for summary judgment in action to recover damages for breach of contract of defendants to deliver syndicate certificates in oil company *held*, insufficient to support summary judgment where affidavit did not affirmatively show that if sworn as a witness he could testify competently as to damages as required by court rule and presumably he would have no knowledge of what the value of the certificates was or difference in value between their represented and actual worth at time of sale to him (Court Rule No. 30 [1933]).

8. SAME—AFFIDAVITS OF MERITS—COMPETENCY OF AFFIANT.

Affidavits of merits, executed by defendants' attorneys, which are principally devoted to affiants' conclusions as to what occurred in transactions between plaintiff and defendants' agent relative to syndicate certificates in oil company, of which affiants obviously had no knowledge, *held*, insufficient under court rule requiring that affiant be competent to testify if sworn as a witness (Court Rule No. 30 [1933]).

9. SAME—AFFIDAVITS OF MERITS—MEASURE OF DAMAGES—FRAUD.

In action for fraud in sale of syndicate certificates in an oil company, averments in affidavits of merits opposing entry of summary judgment that defendant syndicate had several producing wells and that certificates of interest were of great value and had an intrinsic value equal to amount plaintiff had paid therefor *held*, to have no bearing upon question of value of properties at time fraud was alleged to have been perpetrated over two years prior to execution of such affidavits as the measure of damages, under the circumstances, is the difference between the represented and actual value of the certificates at time of purchase.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 11, 1938. (Docket No. 101, Calendar No. 39,807.) Decided February 24, 1938.

Case by Joseph Gloeser against John Moore and others for damages caused by false and fraudulent misrepresentations. Summary judgment for plaintiff. Defendants Morris and Morris-Van Keuren Oil & Gas Syndicate No. 2 appeal. Reversed and new trial granted.

*William M. Laird,* for plaintiff.

*Arthur C. Lehman* and *Andrew J. Sawyer,* for defendants and appellants.

McALLISTER, J.   Plaintiff on May 11, 1937, filed a declaration against defendants alleging fraud in the sale of certain syndicate certificates in an oil company.   Upon answer being filed, plaintiff moved for a summary judgment supported by an affidavit executed by himself.   Defendants Charles Van Keuren, personally and as trustee, Arthur R. Morris, personally and as trustee, and the Morris-Van Keuren Oil & Gas Syndicate No. 2, caused affidavits of merits to be filed to prevent the taking of a summary judgment.

Plaintiff set forth in his affidavit that in the early part of January, 1935, one John Moore, agent of the Gas Syndicate, made certain representations to induce him to purchase interests in the syndicate, and as an inducement for plaintiff to buy, falsely and fraudulently represented that the syndicate had already paid monthly dividends to the owners of such interests in the past out of the profits, and would continue to pay regular dividends in the future from such profits; that the said agent further agreed that if plaintiff would invest $500 in the syndicate the said Moore would cause the trustees to execute to plaintiff a certificate in the syndicate, which interest would pay regular monthly dividends in the future;

that relying upon the promises and agreements made by the agent, plaintiff paid the syndicate the sum of $500 on January 15, 1935, and about a week later received a syndicate certificate representing such interest; that about the middle of March, 1935, the said Moore, in an effort to induce plaintiff to invest further funds, brought him a check in the amount of $15, being a three per cent. dividend on the $500 already invested; and thereupon made further false and fraudulent representations similar to those previously made, and induced plaintiff to pay an additional $500 for a further certificate which was delivered to him in June, 1935. Plaintiff further sets forth that he later discovered that dividends had not been paid monthly in the past by the syndicate on these certificates, and that such certificates were not of the kind which the agent promised to deliver; that the said Moore never delivered any such certificates upon which monthly dividends had been paid or which continued thereafter to pay monthly dividends out of profits; and that he thereby lost the sum of $1,000 which he had paid to the said Moore, with interest.

In the affidavits of merits filed on behalf of defendants, their attorneys, as affiants, denied that any such representations were ever authorized by the said defendants; that Moore never had any authority to promise the delivery of certificates which would continue in the future to pay dividends; that the receipt given to plaintiff by the said Moore recited on its face that the agent had no authority to make representations or promises other than those contained on the face of the receipt; and denied that the certificates were valueless inasmuch as the syndicate had several producing wells of oil and that the certificates were of great value and that plaintiff lost nothing through his purchase thereof.

On the hearing of the motion the circuit court held that the affidavits filed by the defendants did not set forth a valid defense to plaintiff's action, but that plaintiff's affidavit was sufficient to support judgment and thereupon entered summary judgment for plaintiff in the full amount of his claim.

On appeal by the defendants they urge that plaintiff is not entitled to a judgment for the reason that his claim is based upon an oral agreement which varies the terms of the written contract of subscription and defendants would not be bound by representations other than those contained in its subscription agreement. They further claim that plaintiff's affidavit was insufficient upon which to enter judgment; and that defendants' affidavits of merits in any event were sufficient to prevent the entry of such judgment.

The subscription agreement in this case is set forth in the following language: "This subscription is taken subject to the approval or rejection of the Morris-Van Keuren Oil & Gas Syndicate No. 2. The syndicate will not be bound by representations other than those printed herein." Plaintiff signed this agreement and defendants contend that any testimony which varied the terms of this contract was inadmissible and that plaintiff is bound by the terms thereof.

In *Plate* v. *Detroit Fidelity & Surety Co.,* 229 Mich. 482, 486, this Court had occasion to discuss a similar question. In that case the contract which was signed contained the provisions:

"This subscription is not subject to countermand and no conditions, agreements or representations either written or verbal, other than those printed herein, shall be binding on said company. * * * This subscription contains the entire contract between the subscriber and the company."

Of this we said:

"It is elementary that fraudulent representations inducing a contract will void it. Plaintiff does not seek to vary the terms of the contract, but claims the contract is void because she was induced to execute it by false and fraudulent representations made by Mr. Scott. It has long been settled that such provisions in a contract do not prevent showing the contract is void by reason of false and fraudulent representations in its procurement."

In *Delta Asbestos Co., Inc.,* v. *Sanders,* 259 Mich. 317, defendant signed an order for merchandise sold by plaintiff. Upon refusal to pay the purchase price, plaintiff sued and defendants set up as their defense that plaintiff's agent had fraudulently represented that it had on hand numerous orders to be filled within defendant's territory, and that if defendant purchased the material, plaintiff would immediately turn over to him all of the orders; that it would also forward to said defendant all of said orders which it had on hand from prospective purchasers. Plaintiff contended that evidence of fraudulent representations was inadmissible because it served to vary the terms of the contract. The trial court entered a judgment of no cause of action, finding that defendant was induced to sign the contract because of the false and fraudulent representations so made to him to induce him to purchase the merchandise. The judgment of the trial court was affirmed.

The rule, therefore, is clear that plaintiff is not bound by the terms of the written contract of subscription, if he was induced to execute such contract because of false and fraudulent representations by defendant's agent.

With regard to the sufficiency of the affidavits of merits and affidavit in support of the motion for

summary judgment, we turn to a discussion of plaintiff's claim and the statements in such affidavits.

Plaintiff's declaration, including several counts, does not clearly indicate whether he relies upon the theory of rescission of the contract or whether he affirms the contract and sues for damages resulting from its breach in an action for fraud.

In a fraud action plaintiff can declare upon inconsistent counts of rescission and affirmance of the contract. If he affirms the contract his measure of damages is the difference between what he has paid and the value of the stock he received at the time it was sold to him. In rescission he is entitled to the recovery of what he has paid. However, in rescission there are certain prerequisites to the bringing of such an action. Upon the discovery of the fraud he must seasonably assert such rescission, tender back what he has received, and demand repayment of the purchase price. *Glover* v. *Radford,* 120 Mich. 542; *Stowe* v. *Mather,* 234 Mich. 385; 3 Black on Rescission and Cancellation (2d Ed.), § 577; *Witte* v. *Hobolth,* 224 Mich. 286; *O'Neill* v. *Kunkle,* 244 Mich. 653; *Dorgan* v. *Birney,* 272 Mich. 145.

In the case before us, plaintiff's declaration sets forth that he "hereby tenders a return of said certificates to said defendants, and upon the trial of the cause, will present and deposit the same with the Court." He further says that because of the false representations, "this plaintiff has lost the amount of said investment; to-wit: the sum of $1,000, so turned over and paid by him to said defendants, all to the loss of the plaintiff in a large amount, to-wit: the sum of $1,500." Such allegations sound as though plaintiff were proceeding upon the theory of rescission, as there would be no requirement of tender in an action for breach of contract.

But there is no allegation of such tender before trial or of any acts of rescission on seasonable discovery of the fraud or return or offer to return, what plaintiff had received from defendant. Plaintiff's affidavit, however, clarifies this point when he says—"that this affidavit is accordingly made for the purpose of obtaining a judgment to cover the damages sustained by him by reason of the breach of contract on the part of the said defendants, * * * for their neglect and failure to furnish and deliver to deponent certificates of interests in the said Morris-Van Keuren Oil & Gas Syndicate No. 2, in accordance with the term of the contract and agreement made on behalf of said defendants by said John Moore."

In this proceeding, plaintiff's cause of action and claim for damages must rest upon his affidavit in support of his motion because it was upon this alone that the court entered summary judgment; and in this affidavit plaintiff conclusively rests his claim upon an affirmance of the contract and an action for damages because of its breach by defendants.

Because of this fact there arises the question in the case of whether plaintiff's affidavit is sufficient to enable the court to enter a summary judgment for damages. Court Rule No. 30 (1933) provides: "The affidavit verifying the plaintiff's cause of action shall be made on the personal knowledge of the affiant; shall set forth with particularity the facts upon which the plaintiff's cause of action is based; * * * shall not consist of conclusions but of such facts as would be admissible in evidence; and shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto."

Plaintiff was by occupation a section hand on the railroad and also a worker in digging ditches and sewers. The only evidence regarding value was that

contained in plaintiff's affidavit in which he claimed that such damages amounted to $1,000. No facts were set forth to show his source of knowledge or qualification as a witness. Presumably, he had no knowledge of what the value of the certificates was or what the difference in value was between what they were represented to be worth and what they actually were worth at the time the stock was sold to him. This was the measure of damages on affirmance of the contract. On the trial of the cause he would not have been a competent witness on such values. His affidavit did not affirmatively show that if sworn as a witness he could testify competently thereto, as required by rule of court. *La Prise* v. *Wayne Circuit Judge,* 234 Mich. 371. Plaintiff's affidavit was insufficient as proof of damages on motion for summary judgment.

The affidavits of merits filed by defendants were executed by attorneys for the defendants. They are principally devoted to such affiants' conclusions as to what occurred in transactions between plaintiff and defendants' agent, of which affiants obviously had no knowledge; and as such were insufficient according to the court rule to which reference has been made. Defendants' affidavits of merits further set forth on personal knowledge that defendant company had several producing oil wells and that the certificates of interest were of great value and had an intrinsic value equal to the sum of money paid by plaintiff and that plaintiff had lost nothing through his purchase. The fact that defendant syndicate was the owner of producing oil wells at the time the affidavits of merits were executed had no bearing upon the question of the value of defendant's properties at the time the fraud was alleged to have been perpetrated, more than two years prior thereto.

The measure of damages in such cases is the difference between the value of the stock as it was represented to be and what it was actually worth at the time of purchase. *Stowe* v. *Mather, supra.*

Because, however, of plaintiff's affirmance of the contract, as set forth in his affidavit, in which he stated the purpose thereof, proof of his damage was not sufficiently shown to the extent necessary and in the manner required to support the entry of a summary judgment, and the trial court was in error in entering such judgment upon plaintiff's motion.

Judgment reversed and new trial granted, with costs to defendants.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.