LIVINGSTON SHIRT CORPORATION *v.* GREAT LAKES GARMENT MANUFACTURING COMPANY.

1. SALES—SAMPLE—SHIRT MANUFACTURE.

Holding of trial court that transaction whereby plaintiff manufactured upwards of 600 dozen shirts for defendant from cloth furnished by latter after a sample had been submitted to defendant was a sale by sample is not disturbed under evidence submitted, plaintiff having countered such claim by contending that defendant's failure to forward specifications gave plaintiff the right to use its own specifications.

---

REFERENCES FOR POINTS IN HEADNOTES.

[1] 46 Am Jur, Sales §§ 214, 369.
[2] 46 Am Jur, Sales § 260.
[4] 46 Am Jur, Sales §§ 211, 500.
[5] 46 Am Jur, Sales § 252.
[7] 3 Am Jur, Appeal and Error § 765; 14 Am Jur, Costs §§ 92, 99.

2. SAME—CONTRACT GOODS INTERMIXED WITH GOODS NOT WITHIN CONTRACT—BUYER'S OPTION AS TO REJECTION.

A buyer may either accept the goods that are delivered to him in accordance with his contract with the seller or reject the entire shipment, where such goods are mixed with goods of a different description not included in the contract (CL 1948, § 440.44).

3. SAME—DEFECTIVE SHIRTS—REJECTION OF WHOLE—EVIDENCE.

Evidence presented in shirt manufacturer's action for labor furnished and freight charges on shipment of shirts manufactured for defendant *held*, insufficient to justify finding that defendant had rejected the whole shipment because some shirts were defective (CL 1948, § 440.44).

4. SAME—REJECTION OF ENTIRE SHIPMENT—DEFECTIVE SHIRTS— EVIDENCE.

Defendant had burden of proving his assertion that shirts manufactured by plaintiff were defective in order to reject entire shipment and where trial court, in nonjury action to recover manufacturing and freight costs, allowed relief as to 1/3 of the shirts without objection by plaintiff, defendant was in no position to complain in the absence of sufficient evidence as to how many were defective (CL 1948, § 440.44).

5. SAME—REJECTION—WAIVER—EVIDENCE.

A buyer waives rejection where he conducts himself toward goods in a manner inconsistent with rejection or with absolute ownership.

6. SET-OFF AND RECOUPMENT—DEFECTIVE SHIRTS—EVIDENCE.

Trial court's determination in nonjury case that defendant had failed to offer proof that would justify recovery under its pleaded recoupment and set-off against plaintiff shirt manufacturer because shirts manufactured from materials supplied by defendant did not conform to samples furnished, resulting in refusal to accept same by defendant's customers, loss of materials, profits, and good will, is not disturbed under record presented.

7. COSTS—BRIEF.

No costs are allowed appellee who filed no brief on appeal.

Appeal from Grand Traverse; Brown (Charles L.), J. Submitted October 11, 1957. (Docket No. 44, Calendar No. 46,181.) Decided March 4, 1958.

Action by Livingston Shirt Corporation, a foreign corporation, against Great Lakes Garment Manufacturing Company on account due for manufacture of clothing. Judgment for plaintiff. Defendant appeals. Affirmed.

*Murchie, Calcutt & Brown,* for defendant.

KELLY, J. This is an action in law, tried without a jury. Defendant appeals from judgment for plaintiff, entered by the Grand Traverse circuit court.

Plaintiff, manufacturing shirts in Tennessee, on November 30, 1949, forwarded a circular to defendant offering to submit samples and prices. Defendant agreed to the sample and prices submitted and forwarded to the plaintiff approximately 14,000 yards of material to be used in the manufacture of the shirts ordered. The first shipment from plaintiff was on June 25, 1950, and the last shipment was on July 25, 1950. Plaintiff used the material forwarded by defendant to manufacture the 600-plus dozen shirts, and shipped same to defendant.

Plaintiff commenced action for $4,174.77 for labor furnished in manufacturing and for freight charges on shipments. Defendant denied liability and claimed damages for material furnished, for damage from cancelled sales because the shirts were defective, and for loss of good will.

Appellant claims that this transaction was a sale by sample, and appellee counters such claim by contending that appellant's failure to forward specifications gave to plaintiff the right to use its own specifications.

The trial court held the sale was by sample, and appellant and this Court agree with the trial court's conclusion in this regard. Appellant contends that the trial court erred in not answering the question whether "the bulk delivered failed to comply with

the sample," by its answer "Yes, in part," when, according to appellant, the court's answer should have been an unqualified "Yes."

Now, in regard to this question whether the shirts delivered should have been considered defective in whole or in part, we quote from the court's opinion as follows:

"Taking the testimony of defendant that plaintiff shipped to defendant 638–5/12th dozen shirts, and that defendant would have made a profit of $2.13 per dozen had they been manufactured according to sample submitted, as being absolutely true, and that 1 or 2 shirts in each box of shirts shipped defendant by plaintiff were defective, the most loss that could have been sustained by defendant was 2 out of 6 shirts, or 33–1/3 %."

Appellant insists that the evidence does not support the court's determination as set forth above, but appellant does not endeavor to establish what percentage of the shirts delivered was unsatisfactory. It contents itself by stating:

"Defendant respectfully asserts that the trial court was in error, that there is no evidence to support such a determination. It is the contention of defendant that the full quantity delivered was unsatisfactory, or, at best, that unacceptable shirts were commingled with the remainder such that segregation was impracticable."

Appellant in stating "that the full quantity delivered was unsatisfactory" evidently relies upon the provisions of section 44 of the uniform sales act (CL 1948, § 440.44 [Stat Ann § 19.284]) and our decision in *Powers* v. *Dodgson,* 194 Mich 133, 138 (Ann Cas 1918D, 422), which allows to the purchaser the right to elect to accept a portion or reject the whole shipment.

Was there a rejection by defendant of plaintiff's shipment? Nothing in writing sustains defendant in this regard. Isadore Neiman's testimony is the only proof offered to establish the point of rejection. Neiman testified:

"My name is Isadore Neiman. I am the proprietor of the Great Lakes Garment Manufacturing Company. It is not a corporation. It is not in existence now, really; but I was the proprietor of it. It was a business I was conducting under an assumed name. The business of the Great Lakes Garment Manufacturing Company was making clothing of all kinds—men's, children's and some ladies'. In the course of that business I sometimes undertook to have garments manufactured for me by other operators. * * * I looked over the shirts, and we found out they were pretty bad. It was just a few days after the shipment was received. It was the same day as we received the billings—duplicate billings—from our factory in Manistee, Michigan. I contacted Migliore (president of plaintiff corporation) with reference to these shirts after examination. We called them collect. I was kind of peeved. We usually don't call collect, but I was peeved, and we called collect and made him pay the charges. I asked him if he made boys' shirts or men's shirts. I advised him at that time these were not acceptable as to quality. At that time I offered to return these shirts."

Contradicting the above testimony of defendant, we have the statement of plaintiff that:

"I never did receive notice from these people that they were not satisfied. The only thing I know is they said it was late, but they did not say the goods were no good, they kept on giving the work; that shows they liked our work. * * * The say my work was right. I never had no complaint by letter or by person in regard to the workmanship of these shirts."

The trial court filed a very brief opinion and, while direct reference is not made therein to his evaluation of testimony in regard to the question of rejection, it must be concluded that the trial court did not accept defendant's testimony that defendant had elected to reject the whole shipment.

The trial court had not only the opportunity to read the deposition of plaintiff but, also, an opportunity to observe and listen to the testimony of defendant. The record proof submitted in this case would not justify a contra position by this Court to the trial court's findings and conclusions.

It is very difficult, if not impossible, to find in the record submitted to this Court testimony that would sustain the trial court's finding "that 1 or 2 shirts in each box of shirts shipped defendant by plaintiff were defective, the most loss that could have been sustained by defendant was 2 out of 6 shirts, or 33-1/3%.

Defendant did not offer proof as to what percentage of the shirts was defective. Defendant contents itself by showing that the shirts were shipped 6 to a box and that there were approximately 100 boxes in each packing case; that defendant inspected 2 or 3 boxes from each case, and even confined such inspection to 1 or 2 shirts from each box.

Plaintiff's declaration (October 25, 1950) seeking $4,174.77 for goods manufactured and delivered to defendant had attached thereto a statement of account showing dates of shipments, invoice numbers and amount due on each shipment.

Defendant answered and denied "that the charge for manufacture of these shirts was that set forth in exhibit A attached to plaintiff's declaration." Defendant filed a recoupment and set-off, paragraph 5 of which states "That the shirts so shipped did not conform to the samples furnished, and that defendant's customers have rejected and refused to accept

the said shirts, and that defendant has offered to return said shirts to plaintiff and has demanded that plaintiff compensate defendant for loss of material, profits, and good will, and that plaintiff has refused to accept the shirts and has refused to pay defendant for its damages suffered as a result of inferior workmanship." Plaintiff denied this.

In *Saari* v. *George C. Dates & Associates, Inc.*, 311 Mich 624, this Court considered a case involving an action for damages by an employee against his employer for breach of contract by unlawful discharge. The plaintiff made a prima facie case by proving the contract, performance thereof up to the time of discharge, and proof of damage.

In this case our Court held that after employee made a prima facie case for recovery of damages for alleged unlawful discharge, the employer then had the affirmative of proving the employee had breached the contract and that the discharge was legal, and stated (p 628):

"'The general rule is that the party holding the affirmative of the issue takes the *onus* of proof, and that, in all instances where the right of action depends upon the negative averment, the party making it is charged with the burden of proving it. This is in obedience to the rule that the burden of proof is upon him who raises an issue which would be defeated if no proof was offered.' *People* v. *Swineford,* 77 Mich 573, 582.

"'The court instructed the jury that the burden of proof rested upon the defendant to show by a fair preponderance of evidence that it had good and sufficient cause to discharge the plaintiff. It is insisted that the burden rested upon the plaintiff, and not upon the defendant. The plaintiff gave evidence tending to show that he had performed the contract up to the time of his discharge. The burden of

proof was, of course, upon him to prove his contract and its performance up to that time. This made out his case. The burden then shifted to the defendant to show a legal excuse for his discharge. The defense was an affirmative one, like that of payment or satisfaction of a debt.' *Milligan* v. *Sligh Furniture Co.*, 111 Mich 629, 633."

Defendant in the present case relied upon a negative averment, namely, that the shirts were defective —and defendant had the burden of proving this fact. Defendant failed to meet this burden. Plaintiff does not object to the trial court's determination that 1/3 of the shirts were defective, and defendant is in no position to raise the point that the court granted, without sufficient evidence, relief to defendant on costs of manufacture of 1/3 of the shirts.

This Court in *Matchless Electric Co.* v. *Morley Brothers*, 252 Mich 144, held that where the buyer conducts himself toward goods in a manner inconsistent with rejection or with absolute ownership, the buyer waives rejection.

As hereinabove stated, there was no proof of written rejection and the only proof tending to show rejection was the statement of Mr. Neiman that "I offered to return these shirts," which statement was denied by plaintiff.

The record discloses that the defendant endeavored to dispose of the shirts and did dispose of 171 dozen of work shirts at $8 per dozen and, after endeavoring to dispose of 467 dozen of dress shirts at auction and finding they would only sell for $1,000, decided not to make sale of same.

The trial court did not commit error in finding that defendant failed to offer proof that would justify recovery against plaintiff on the cross declaration.

Judgment affirmed, without costs as appellee filed no brief.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.