**HEIDTMAN STEEL PRODUCTS, Plaintiff,**

v.

**COMPUWARE CORP., Defendant.**

**No. 3:97CV7389.**

United States District Court, N.D. Ohio, Western Division.

Aug. 2, 2001.

Order Denying Reconsideration Aug. 13, 2001.

---

## ORDER

CARR, District Judge.

This is a recission case, which is currently being tried under Michigan law before the undersigned without a jury. The parties disagree on the burden of proof as to certain issues, and this opinion sets forth my allocation of the burden of proof as to those issues.

The parties entered into a contract relating to a computer system. After several years and the expenditure of about $12 million by the plaintiff, the contract was terminated. Plaintiff claims to have rescinded the contract, and seeks to recover the $12 million. Defendant claims that plaintiff breached the contract, and therefore is not entitled to recission. Defendant also counterclaims for approximately $2.8 million in unpaid invoices.

Under Michigan law, the party seeking rescission of a contract must prove three elements:

(1) a seasonable assertion of the rescission right; (2) tender of the consideration and benefits received; and, (3) demand for repayment of any price paid. *See Mesh v. Citrin*, 299 Mich. 527, 300 N.W. 870, 872 (1941). The party seek-

ing rescission must first return the other party to the pre-contract status quo, *McIntosh v. Fixel,* 297 Mich. 331, 297 N.W. 512, 518 (1941), and rescission is not available to a party who has failed to make payments required by a contract and is thus in default. *Hafner v. A.J. Stuart Land Co.,* 246 Mich. 465, 224 N.W. 630, 631 (1929).

*Two Men and a Truck/International Inc. v. Two Men and a Truck/Kalamazoo, Inc.,* 949 F.Supp. 500, 507 (W.D.Mich.1996) (*citing Dynamic Enterprises, Inc. v. Fitness World of Jackson,* 32 B.R. 509, 522 (Bankr. M.D.Tenn.1983), *abrogated on other grounds,* In re SMEC, Inc., 160 B.R. 86 (M.D.Tenn.1993)); *see also Gloeser v. Moore,* 283 Mich. 425, 278 N.W. 72, 74 (1930) (to recover in recission, plaintiff "must seasonably assert such rescission, tender back what he has received, and demand repayment of the purchase price.").

■ In Michigan, the plaintiff has the burden of proof in a recission case. *Gardner v. Thomas R. Sharp & Sons,* 279 Mich. 467, 272 N.W. 871, 872 (1937) ("The burden of establishing their right to rescission was upon plaintiffs."); *Kavanau v. Fry,* 273 Mich. 166, 262 N.W. 763, 765 (1935) ("The burden was cast upon [plaintiffs] to establish facts which appeal to the discretion of the court and are sufficient to entitle them to the equitable relief prayed for.").

The present dispute about the burden of proof relates to two issues: 1) whether plaintiff gave notice to the defendant within a reasonable time of an intent to rescind, and 2) whether plaintiff's alleged breach of its obligations under the contract bars its recission claim.

Defendant claims that each of these is an element of plaintiff's case, and plaintiff therefore has the burden of proof as to those both issues. Plaintiff contends that any failure on its part either to provide timely notice and to perform its obligations under the contract are, or are similar to, affirmative defenses, as to which the defendant has the burden of proof.

### 1. Notice

■ As noted, "a seasonable assertion of the rescission right" has been held to be an element of a recission claim in Michigan. *Two Men, supra.* Timely notice of an intent to rescind protects the seller, who, on receipt thereof, can cease performance and thereby avoid fruitless expenditures of time, materials, and money. *See generally Wall v. Zynda,* 278 N.W. 66, 68 (Mich.1938); *Schnepf v. Thomas L. McNamara, Inc.,* 354 Mich. 393, 93 N.W.2d 230, 232 (1958).

As likewise noted, Michigan places the overall burden on the plaintiff to prove entitlement to recission. *Gardner, supra.* Although Michigan places the burden of proof on the plaintiff to prove all elements of a recission claim, no Michigan case appears to have addressed directly the issue of whether such burden includes proof of timely notice of an intent to rescind directly.

■ It would appear logical, in light of plaintiff's burden generally to prove its recission claim, to make the plaintiff prove that it gave timely notice of its intent to rescind. Indirect support for this allocation of the burden of proof comes from *Murphy v. Gifford,* 228 Mich. 287, 200 N.W. 263, 264 (1924), in which the court stated that the burden of proof rested on the buyer to prove that he in fact gave notice of recission. It is but a small step from this holding to make the plaintiff prove not only that it gave notice, but that such notice was timely as well.

Almost all other jurisdictions place this burden on the plaintiff in a recission case. *Johns Hopkins University v. Hutton,* 488

F.2d 912, 916 n. 12 (4th Cir.1973) ("the requirement of prompt action is an element of the plaintiff's case, and the burden is upon the rescinding party to show that he acted promptly in seeking rescission."); *Banque Arabe Et Internationale D'Investissement v. Maryland Nat. Bank,* 850 F.Supp. 1199, 1211 (S.D.N.Y.1994) ("Promptness is an element of a prima facie rescission action and the burden of proof is on plaintiff."); *Swenson v. Raumin,* 583 N.W.2d 102, 107 (N.D.1998) ("The party seeking rescission has the burden of proving reasonable diligence to promptly rescind upon discovering facts entitling the party to rescind").

A contrary view is expressed in *Bullard v. Citizens' Nat. Bank,* 173 Miss. 450, 160 So. 280, 283 (1935) (timeliness of notice is an affirmative defense, as to which the defendant has the burden of proof). I decline to follow this approach because it appears to be an exception to the allocation of the burden as generally accepted elsewhere.

The same approach has, moreover, been applied in the analogous situation of a claim under the Uniform Commercial Code for either revocation, *Golden Needles Knitting and Glove Co., Inc. v. Dynamic Marketing Enterprises, Inc.,* 766 F.Supp. 421, 428 (W.D.N.C.1991) ("the buyer bears the burden in showing that he gave the required notice [that he does not wish to keep the goods] within a reasonable time."); *Gasque v. Mooers Motor Car Co., Inc.,* 227 Va. 154, 313 S.E.2d 384, 389 (1984) (buyer has burden of proof re. timeliness of notice of revocation), or breach of warranty. *Royal Typewriter Co., a Div. of Litton Business Systems, Inc. v. Xerographic Supplies Corp.,* 719 F.2d 1092, 1102 (11th Cir.1983) ("The buyer bears the burden of showing that he gave the required notice [of breach of warranty] within a reasonable time".).

Plaintiff claims that the issue of timely notice is akin to laches, as to which the defendant would have the burden of proof. Other courts confronted with this argument have rejected it. *Guy v. Duff & Phelps, Inc.,* 628 F.Supp. 252, 261 (N.D.Ill. 1985) ("the laches doctrine, applied in the patent infringement cases cited by Guy, is not at all implicated in the rescission of securities purchases or sales.... Even beyond the securities field, ... [most] cases stressing the need for the prompt assertion of rescission rights make no reference to the doctrine of laches"); *In re Schick,* 232 B.R. 589, 596 (Bankr.S.D.N.Y.,1999) ("This requirement of promptness is not an affirmative defense; it is 'an element of a prima facie rescission action and the burden of proof is on plaintiff.'") (*citing Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank,* 850 F.Supp. 1199, 1211 (S.D.N.Y.1994)); *Gaffin v. Teledyne, Inc.,* 1990 WL 195914, *18 (Del.Ch.), *rev'd in part on other grounds,* 611 A.2d 467 (Del.1992) (delay in a rescission case "is not a matter of laches ... [and it] is plaintiff's burden to prove promptness, not defendant's to prove delay.").

In light of the foregoing, and in the absence of any Michigan decision to the contrary, I conclude that the plaintiff has the burden of proof with regard to the timeliness and adequacy of its notice of its intent to rescind the contract at issue in this case.

## 2. Plaintiff's Performance

■ In Michigan, as stated in *Two Men and a Truck, supra,* "rescission is not available to a party who has failed to make payments required by a contract and is thus in default." The parties have not cited, and independent research has not found, a case either in Michigan or elsewhere that directly holds that proof by a plaintiff in a recission case that it has

performed its obligations under the contract is an element of the plaintiff's claim—and thus, an issue as to which it has the burden of proof.

To be sure, courts in Michigan have held that a party in default cannot recover on a recission claim. *Id.* at 507 ("defendants were in default at the time they demanded rescission; thus, rescission is not an available remedy."); *Gardner v. Thomas R. Sharp & Sons,* 279 Mich. 467, 272 N.W. 871 (1937) ("since the record shows that plaintiffs were in default in their contract payments prior to the time the vendor was in default on his mortgage, plaintiffs were not entitled to rescission."). But those decisions do not indicate whether the bar to recovery arose from a failure of proof as to an element of the claim or on the basis on an affirmative defense that the plaintiff was in default.

■ As a general rule, a party asserting that another is in breach has the burden of proving the breach. *See, e.g., Oakland Metal Stamping Co. v. Forest Industries, Inc.,* 352 Mich. 119, 89 N.W.2d 503, 506 (1958); *Livingston Shirt Corp. v. Great Lakes Garment Mfg. Co.,* 351 Mich. 123, 88 N.W.2d 614, 618 (1958). In this case, defendant contends that plaintiff is not entitled to recission because, at the time of termination, it was in default due to its nonpayment of $2.3 million in invoices. Plaintiff, in response, argues that the defendant had substantially exceeded the approved budget, which justified any delinquency in plaintiff's payments. Plaintiff also contends that the parties were negotiating a compromise, which also entitled it to continue to postpone paying the overdue invoices.

■ Under the general rule noted above, the party seeking to benefit on a claim that a contract was breached has the burden of proving the other party's nonperformance. The party which would be adversely affected by a showing of a breach has no burden to prove that it had performed its obligations under the contract.

In this case, the defendant seeks to benefit from the plaintiff's alleged default by using that default to defeat plaintiff's claim for recission. Its posture, accordingly, resembles that of a party to any other kind of contract dispute where the other party's alleged nonperformance is an issue. The defendant advances no reason, and no persuasive or controlling authority in support of its claim that the plaintiff here has and should have the burden of proving that it complied with its obligations under the contract.

■ I conclude, accordingly, that the defendant's claim that the plaintiff was in default is an affirmative defense, as to which the defendant has the burden of proof. The defendant retains that burden, even if the plaintiff undertakes to defeat that contention by showing that its default was justified. If the evidence shows that plaintiff was in default, and its default was not justified, plaintiff, as provided under Michigan law, will not be able to recover on its claim for recission. *Cf. McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT, as to plaintiff's recission claim, plaintiff shall bear the burden of proof with regard to the issue of the timeliness of its notice of an intent to rescind, and the defendant shall bear the burden of proving plaintiff's default in its contractual obligations.

So ordered.

## ORDER

This is a recission case that currently is being tried. Pending is defendant's motion for partial reconsideration of an order in which I held that the defendant had the burden of proving its contention that the plaintiff is not entitled to recission because, at the time the contract at issue in this case was terminated, plaintiff was in default.[1]

For the reasons that follow, the motion for reconsideration shall be denied.

In support of my ruling allocating the burden of proof to the defendant, I cited a couple of Michigan Supreme Court cases, *Oakland Metal Stamping Co. v. Forest Industries, Inc.*, 352 Mich. 119, 89 N.W.2d 503, 506 (1958); *Livingston Shirt Corp. v. Great Lakes Garment Mfg. Co.*, 351 Mich. 123, 88 N.W.2d 614, 618 (1958). Defendant claims I misread those cases.

I disagree: in *Oakland* the court's precise ruling was that the defendant, which counter-sued, had the burden of proof as to its counterclaim for recoupment that the plaintiff had breached the contract. 89 N.W.2d at 506 ("On its plea for set-off and recoupment Forest plainly had the burden of proving that Oakland had breached the contract."). In *Livingston Shirt*, which involved a claim by the defendant that shirts received by it pursuant to the parties' contract had been defective, the court likewise expressly held that, the defendant "relied upon a negative averment, namely, that the shirts were defective—... and defendant had the burden of proving this fact." 88 N.W.2d at 618.

In its motion for reconsideration, the defendant argues that the following discussion in *Livingston* shows that in Michigan the burden is on Heidtman to prove that it

performed its obligations under the contract:

In *Saari v. George C. Dates & Associates, Inc.*, 311 Mich. 624, 19 N.W.2d 121, 123, this Court considered a case involving an action for damages by an employe [sic] against his employer for breach of contract by unlawful discharge. The plaintiff made a prima facie case by proving the contract, performance thereof up to the time of discharge, and proof of damage.

In [*Saari*] our Court held that after employe made a prima facie case for recovery of damages for alleged unlawful discharge, the employer then had the affirmative of proving the employe had breached the contract and that the discharge was legal, and stated:

"The general rule is that the party holding the affirmative of the issue takes the onus of proof, and that, in all instances where the right of action depends upon the negative averment, the party making it is charged with the burden of proving it. This is in obedience to the rule that the burden of proof is upon him who raises an issue which would be defeated if no proof was offered." *People v. Swineford*, 77 Mich. 573, 582, 43 N.W. 929, 931.

The court instructed the jury that the burden of proof rested upon the defendant to show by a fair preponderance of evidence that it had good and sufficient cause to discharge the plaintiff. It is insisted that the burden rested upon the plaintiff, and not upon the defendant. The plaintiff gave evidence tending to show that he had performed the contract up to the time

---

1. Defendant does not seek reconsideration of that part of my decision allocating to the plaintiff the burden of proving that it gave timely notice of its intent to rescind. Plaintiff argues in its opposition to the instant motion,

however, that the burden of proving laches, and prejudice from any delay, is on the defendant. No ruling is made herein as to that contention, to which the defendant has not had an opportunity to respond.

of his discharge. The burden of proof was, of course, upon him to prove his contract and its performance up to that time. This made out his case. The burden then shifted to the defendant to show a legal excuse for his discharge. The defense was an affirmative one, like that of payment or satisfaction of a debt. *Milligan v. Sligh Furniture Co.*, 111 Mich. 629, 633, 70 N.W. 133, 134.'

Defendant in the present case relied upon a negative averment, namely, that the shirts were defective—and defendant had the burden of proving this fact. Defendant failed to meet this burden. 88 N.W.2d at 617–18.

At most, this excerpt shows that, in some instances (i.e., cases involving employment contracts), one party has a burden of going forward with proof of performance until the time of termination by the other side. Though the court in *Saari* and *Livingston* mentioned that doctrine, it did not affect the express statement in *Livingston* that the defendant in that case had the burden of proving the "negative averment" that the "shirts were defective"—i.e., that the other party had breached its contract to deliver shirts.

Another way of looking at this issue is to focus on the elements of plaintiff's recission claim in this case. As pointed out in my original opinion:

Under Michigan law, the party seeking rescission of a contract must prove three elements:

(1) a seasonable assertion of the rescission right; (2) tender of the consideration and benefits received; and, (3) demand for repayment of any price paid. *See Mesh v. Citrin*, 299 Mich. 527, 300 N.W. 870, 872 (1941). The party seeking rescission must first return the other party to the pre-contract status quo, *McIntosh v. Fixel*, 297 Mich. 331, 297 N.W. 512, 518 (1941), and rescission is not available to a party who has failed to make payments required by a contract and is thus in default. *Hafner v. A.J. Stuart Land Co.*, 246 Mich. 465, 224 N.W. 630, 631 (1929). *Two Men and a Truck/International Inc. v. Two Men and a Truck/Kalamazoo, Inc.*, 949 F.Supp. 500, 507 (W.D.Mich.1996) (*citing Dynamic Enterprises, Inc. v. Fitness World of Jackson*, 32 B.R. 509, 522 (Bankr.M.D.Tenn. 1983), *abrogated on other grounds*, In re SMEC, Inc., 160 B.R. 86 (M.D.Tenn. 1993)); *see also Gloeser v. Moore*, 283 Mich. 425, 278 N.W. 72, 74 (1938) (to recover in recission, plaintiff "must seasonably assert such rescission, tender back what he has received, and demand repayment of the purchase price.").

Nothing in the list of elements imposes on the plaintiff the obligation of alleging that it had performed, and thus was not in breach of, its contractual obligations. Defendant has pointed to no case or authority that makes a plaintiff's performance an element of a recission claim.

What is not an element need not be proven. I conclude, as I did when I initially considered the question, that the defendant has the burden of proof as to its contention that the plaintiff cannot recover because it defaulted on its obligations under the contract. The defendant relies on the "negative averment" of plaintiff's non-performance, and it, accordingly, has "the burden of proving this fact." *Livingston Shirt supra*, 88 N.W.2d at 618.

It is, therefore,

ORDERED THAT defendant's motion for partial reconsideration be, and the same hereby is overruled.

So ordered.